UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

October 2006 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | SA CR 07-  **SA CR 07 - 0183** |
| Plaintiff, ) | I N D I C T M E N T |
| v. ) | [18 U.S.C. § 1347: Health Care Fraud; 18 U.S.C. § 2: Aiding and Abetting/Causing an Act to be Done; 18 U.S.C. § 1956(a)(1)(A): Money Laundering] |
| KENNETH WAYNE FERGUSON, and ) OLENA KULAKOVA, ) a/k/a Helen, ) ) | |
| Defendants. ) | |

The Grand Jury charges:

COUNTS ONE THROUGH TEN

[18 U.S.C. §§ 1347, 2]

A.   INTRODUCTION

At all times relevant to this Indictment:

1.   Defendant KENNETH WAYNE FERGUSON ("DR. FERGUSON") was a physician enrolled as a provider with Medicare, a federal health insurance program operated by the United States Department of Health and Human Services.

2.   DR. FERGUSON further was the physician of record at Huntington Beach Medical Center ("HBMC"), located at 6041 Bolsa

JJ:jj

Avenue, Suite 7, Huntington Beach, California 92647, which operated from approximately July 2004 through October 2004.

3. Defendant OLENA KULAKOVA, also known as "Helen" ("KULAKOVA"), was an employee of HBMC. Defendant KULAKOVA did not have any type of medical licensing by the State of California, including any license to practice as a physician or a physician's assistant ("PA").

4. Medicare only reimburses for physician services, including evaluation and management ("E&M") visits, if the services are performed: (a) by a physician and billed under the physician's provider identification number ("PIN"); (b) by a PA as "incident to" a physician's services under a physician's "direct supervision," <u>i.e.</u>, the physician must be present in the office suite where the PA is performing the services, and billed under the physician's PIN; or (c) by a PA without direct supervision and billed under the PA's PIN with a modifier code ("GF"), which results in lower reimbursement (85% of the physician fee schedule amount).

5. Medicare further only reimburses for comprehensive E&M visits for new patients (CPT Code 99204) where the visit involves a comprehensive history, a comprehensive examination, and medical decision making of moderate complexity, typically requiring 45 minutes of face-to-face time with the patient. Medicare only reimburses for detailed E&M visits for established patients (CPT Code 99214) where the visit involves a detailed history, a detailed examination, and medical decision making of moderate

/ / /

complexity, typically requiring 25 minutes of face-to-face time with the patient.

6. Medicare further considers invalid any claim that is based upon the payment of a kickback, such as the payment of money or a gift to a patient as an inducement for the provision of medical services.

B. THE FRAUDULENT SCHEME

7. Beginning in or around July 2004, and continuing through at least October 2004, in Orange County, within the Central District of California, defendants DR. FERGUSON and KULAKOVA (collectively "defendants"), together with others known and unknown to the Grand Jury, aiding and abetting each other, knowingly, willfully, and with the intent to defraud, devised, executed, and participated in a scheme to defraud Medicare, and to obtain money owned and under the control of Medicare, by means of materially false and fraudulent pretenses, representations, and promises, and the non-disclosure and concealment of material facts, in connection with the delivery of and payment for health care benefits, items, and services.

C. MEANS TO ACCOMPLICE THE FRAUDULENT SCHEME

8. In carrying out the fraudulent scheme, acting with intent to defraud and deceive, defendants, aiding and abetting each other, caused false information and false statements to be communicated, and material information to be concealed and omitted, in billings to Medicare, including, without limitation:

    a. representing that physician services were performed by DR. FERGUSON or a licensed employee under his

3

direct supervision (by use of DR. FERGUSON's name and PIN in claim forms) when, in fact, services, if any, were performed when DR. FERGUSON was not present at HBMC by an employee of HBMC without any medical licensing by the State of California, KULAKOVA; and

    b. representing that comprehensive E&M visits for new patients were performed, and that detailed E&M visits for established patients were performed, when patients were seen for only approximately 3-10 minutes.

9. In carrying out the fraudulent scheme, acting with intent to defraud and deceive, defendants knowingly and willfully caused, aided and abetted, and engaged in fraudulent and deceptive acts, practices, and devices including, without limitation, the following:

    a. DR. FERGUSON allowed an employee of HBMC without any medical licensing by the State of California, KULAKOVA, to perform physician services on his behalf when he was not present at HBMC;

    b. KULAKOVA held herself out as a doctor and PA, and performed physician services on behalf of DR. FERGUSON when he was not present at HBMC, although KULAKOVA had no medical licensing by the State of California; and

    c. defendants directed and caused Medicare to be billed for physician services purportedly performed by DR. FERGUSON or by a licensed employee under his direct supervision, when DR. FERGUSON was not present at HBMC and an employee of HBMC without any medical licensing by the

1  State of California, KULAKOVA, performed the services, if
2  any;
3       d.   defendants directed and caused Medicare to be
4  billed for comprehensive E&M visits for new patients, and
5  detailed E&M visits for established patients, where patients
6  were seen for only approximately 3-10 minutes; and
7       e.   defendants directed and caused kickbacks to be
8  paid to patients to come to HBMC for physician services.
9     10.   At the time defendants made the false statements and
10 caused them to be made, concealed and omitted material
11 information and caused such information to be concealed and
12 omitted, and caused, aided and abetted, and engaged in the
13 fraudulent acts, practices, and devices set forth above, they
14 knew that said statements were false, that material information
15 was concealed and omitted, and that the subject acts, practices,
16 and devises were fraudulent, unlawful, and deceptive.  In
17 particular, defendants knew the following:
18       a.   that DR. FERGUSON was not present at HBMC to
19  perform, or directly supervise a licensed individual
20  performing, the physician services being billed to Medicare;
21       b.   that an employee of HBMC without any medical
22  licensing by the State of California, KULAKOVA, was
23  performing the physician services, if any, without DR.
24  FERGUSON being present at HBMC;
25       c.   that Medicare did not reimburse for physician
26  services if they were performed by an unlicensed individual;
27
28

d.  that Medicare did not reimburse for comprehensive E&M visits for new patients, and detailed E&M visits for established patients, where patients were seen for only approximately 3-10 minutes; and

e.  that Medicare would consider invalid any claim for services that was the result of the payment of a kickback.

11.  In carrying out the scheme, acting with intent to defraud and deceive, defendants concealed and failed to disclose to Medicare the true facts about their fraudulent business practices regarding the delivery of and payment for physician services. Such concealed and omitted facts were material in that, had Medicare known the true facts, it would not have paid for the physician services.

D.  <u>RESULTS OF THE FRAUDULENT SCHEME</u>

12.  By devising, executing, and participating in the fraudulent scheme, defendants caused losses to Medicare of approximately $759,151.57.

E.  <u>EXECUTION OF THE FRAUDULENT SCHEME</u>

13.  On or about the dates set forth below, in Orange County, within the Central District of California, defendants, for the purpose of executing the above-described scheme to defraud and attempting to do so, caused the following claims to be submitted to and processed by Medicare in the following amounts:

| Count | Patient Initials | Date | Amount | Claim Number(s) |
|---|---|---|---|---|
| 1 | TL | 8/24/04 | $571.63 | 1804240269920/ 1804240269930/ 1804240269940 |

| Count | Patient Initials | Date | Amount | Claim Number(s) |
|---|---|---|---|---|
| 2 | HTN | 8/24/04 | $724.77 | 1804240270190/ 1804240270200/ 1804240270210 |
| 3 | NTT | 8/24/04 | $365.21 | 1804240271240/ 1804240271250/ 1804240271260 |
| 4 | TN | 8/24/04 | $365.21 | 1804240270490/ 1804240270500/ 1804240270510 |
| 5 | LV | 8/25/04 | $365.21 | 1804240271300/ 1804240271310/ 1804240271320 |
| 6 | ST | 8/25/04 | $361.57 | 1804240271030/ 1804240271040/ 1804240271050 |
| 7 | HB | 8/25/04 | $684.57 | 1804240269320/ 1804240269330/ 1804240269340 |
| 8 | KTT | 8/25/04 | $684.57 | 1804240271000/ 1804240271010/ 1804240271020 |
| 9 | HL | 8/25/04 | $728.41 | 1804240269980/ 1804240269990/ 1804240270000 |
| 10 | KN | 8/25/04 | $728.41 | 1804240270370/ 1804240270380/ 1804240270390 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

COUNT ELEVEN THROUGH FOURTEEN

[18 U.S.C. §§ 1956(a)(1)(A), 2]

14. Paragraphs one through twelve of this Indictment are incorporated herein by this reference.

15. On or about the dates set forth below, in Orange County, within the Central District of California, DR. FERGUSON did knowingly and willfully conduct, aid, abet, and cause to be conducted monetary transactions affecting interstate commerce, which transactions in fact involved the proceeds of a specified unlawful activity, namely health care fraud in violation of 18 U.S.C. § 1347, with the intent to promote the carrying on of specified unlawful activity, namely health care fraud, as set forth below:

| Count | Date | Amount | Transaction |
|---|---|---|---|
| 11 | 9/1/04 | $1,350 | Check No. 802 from DR. FERGUSON's Bank of America account XXXXX-X4839 to KULAKOVA |
| 12 | 9/16/04 | $1,710 | Check No. 820 from DR. FERGUSON's Bank of America account XXXXX-X4839 to KULAKOVA |
| 13 | 10/1/04 | $2,100 | Check No. 833 from DR. FERGUSON's Bank of America account XXXXX-X4839 to Olena KULAKOVA |

| Count | Date | Amount | Transaction |
|---|---|---|---|
| 14 | 10/19/04 | $1,460 | Check No. 856 from DR. FERGUSON's Bank of America account XXXXX-X4839 to KULAKOVA |

A TRUE BILL

S/
_____
Foreperson


GEORGE S. CARDONA
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

WAYNE R. GROSS
Assistant United States Attorney
Chief, Santa Ana Branch Office

9